[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on July 30, 1960 at New Haven, Connecticut.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all statutory criteria incorporated in Connecticut General Statutes 46b-81 and 46b-82
and enters the following orders: CT Page 9077
1. All right, title and interest in the property located at 13 Chidsey Drive is awarded to the defendant who shall be responsible for all costs associated with the home, and hold the plaintiff harmless and indemnify him thereon.
2. The husband shall pay to the wife as alimony $230.00 per week until the death of either party or the remarriage of the wife. The order is subject to immediate wage withholding.
3. The husband shall name the wife has irrevocable beneficiary of his present life insurance for so long as he is required to pay alimony or until his retirement, whichever may first occur.
4. The defendant wife is hereby awarded the maximum survivor annuity benefit available under the husband's federal employee retirement system plan.
5. The wife shall be eligible for COBRA benefits and benefits allowed to her as a former spouse with a survivor benefit. The plaintiff shall pay, by way of additional alimony, one-half of the cost of said insurance. The plaintiff shall also be responsible for the next 12 months for one-half of the defendant's expenses with Dr. Redmont, as additional alimony.
6. The husband is awarded the trailer, the bank account listed on his financial affidavit, his post office annuity ($24,156.00 ), his pension, his sole bank accounts, his Czech Club IRA, the value of his life insurance, and the joint accounts at the Branford Savings Bank and Postal Credit Union.
7. The wife is awarded her sole bank accounts, the SNET stock, the value of her life insurance, her IRA, the cemetery plots, and the Nissan automobile.
8. The plaintiff is awarded the tape deck, VCR, downstairs TV, Canon Camera, musket, Nintendo, and the Chevrolet Celebrity. He shall be responsible for the debt associated with that automobile and indemnify and hold the wife harmless thereon.
9. The plaintiff shall be responsible for and shall indemnify and hold the defendant harmless on the liabilities listed on his financial affidavit, the 1989 IRS debt and one-half of the balance due and owing to Dr. Redmont.
10. The defendant shall be responsible for and shall indemnify and hold the plaintiff harmless on the VISA bill listed on her financial affidavit and the other debts there listed not specifically allocated above. CT Page 9078
BY THE COURT: ELAINE GORDON, JUDGE